## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## PADUCAH DIVISION

**BRANDON LEE MERRILL**                                                                                    **PLAINTIFF**

**v.**                                                              **CIVIL ACTION NO. 5:15CV-P141-GNS**

**MIKE STACEY** *et al.*                                                                                  **DEFENDANTS**

### MEMORANDUM OPINION

On June 17, 2015, the Clerk of Court issued a Notice of Deficiency (DN 3) to *pro se* Plaintiff Brandon Lee Merrill directing him to cure several deficiencies in the filing of his complaint. The Notice of Deficiency advised Plaintiff that failure to comply within 30 days would result in this matter being brought to the attention of the Court. Because Plaintiff failed to comply, the Court, by Order entered August 10, 2015, directed Plaintiff to cure the deficiencies[1] within 30 days from the entry date of the Order (DN 4). The Court warned Plaintiff that his failure to comply within the time allotted would result in dismissal of the action for failure to prosecute and for failure to comply with an Order of this Court. Over 30 days have passed without compliance by Plaintiff.

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action if a plaintiff fails to prosecute or to comply with an order of the court. *See Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("Fed. R. Civ. P. 41(b) recognizes the power of the district court to enter a *sua sponte* order of dismissal."). "[W]hile *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements

---

[1] Specifically, the Court directed Plaintiff to (1) refile his complaint on a Court-supplied 42 U.S.C. § 1983 form; (2) either pay the $400.00 fee for filing this action or file an application to proceed without prepayment of fees along with a certified copy of his jail trust account statement for the six-month period immediately preceding the filing of the complaint; and (3) complete a summons form for each Defendant named in the complaint.

that a layperson can comprehend as easily as a lawyer." *Id.* "[T]he lenient treatment of *pro se* litigants has limits. Where, for example, a *pro se* litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). Additionally, courts have an inherent power "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962).

Because Plaintiff failed to comply with a straightforward Order of this Court, the Court concludes that he has abandoned any interest in prosecuting this action. A separate Order of dismissal will be entered.

Date: September 28, 2015

**Greg N. Stivers, Judge**
**United States District Court**

cc: Plaintiff, *pro se*
4416.005